UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARIA LUISA GARZA, *et al*, § <br> § <br> Plaintiffs, § <br> VS. §    CIVIL ACTION NO. 2:12-CV-198 <br> § <br> WYETH LLC; fka WYETH; dba WYETH, § <br> INC., *et al*, § <br> § <br> Defendants. § | |

## **ORDER**

Maria Luisa Garza, along with her husband Oscar Garza, Sr. (together Garza), sued Wyeth Pharmaceuticals Inc., Wyeth LLC, and Pfizer Inc. (jointly Wyeth) and Schwarz Pharma, Inc. n/k/a UCB, Inc. (Schwarz), alleging that Maria Luisa Garza suffers from tardive dyskinesia as a result of ingesting the pharmaceutical drug Reglan and/or its generic equivalent metoclopramide over an extended period of time. She alleges that Wyeth and Schwarz, both of which manufactured and sold Reglan, knew of the dangers of long-term exposure to the drug and failed to provide appropriate warnings with the packaging.

Before the Court is the summary judgment motion filed by the brand-name manufacturers, Wyeth and Schwarz (Manufacturers), (D.E. 107). Manufacturers seek summary judgment based on Texas products liability law, which provides a manufacturer and seller with a presumption that there is no liability for a product when it and its packaging were approved by the Federal Food and Drug Administration (FDA). Manufacturers also seek summary judgment on the basis that Garza did not ingest their

products. For the reasons set out below, the Court GRANTS Manufacturers' motion (D.E. 107).

In their motion, Manufacturers contend that they manufactured only the name-brand form of the drug Reglan. They further claim that discovery has revealed that Garza ingested only the generic form, metoclopramide and that it is undisputed that she had never received Reglan. D.E. 108, p. 7 & n.6. They argue that they cannot be held liable for injuries caused by a product they did not design, manufacture, or sell, specifically in the context of "copy-cat" drugs. *Lashley v. Pfizer, Inc.*, 750 F.3d 470, 477-78 (5th Cir. 2014) (per curiam); *Eckhardt v. Qualitest Pharmaceuticals, Inc.*, 751 F.3d 674, 681-82 (5th Cir. 2014).

Garza has not responded to the Manufacturers' motion and thus has provided no summary judgment evidence to controvert this argument as required by Fed. R. Civ. P. 56. Consequently, the Court finds that the issue is controlled by the Fifth Circuit cases *Lashley* and *Eckhardt* and GRANTS the motion on the basis that Garza did not use Manufacturers' product. The Court need not reach the alternative basis of the non-liability presumption under Texas products liability law. Wyeth and Schwarz are GRANTED summary judgment dismissing all claims against them with prejudice.

ORDERED this 27th day of January, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE